IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| KHALIL ROSS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) CIVIL ACTION |
| v. | ) FILE NO. |
| | ) |
| | ) |
| OSMOSE UTILITIES SERVICES, | ) |
| INC. | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendant. | ) |
| | ) |

**COMPLAINT FOR DAMAGES**

**COMES NOW** Plaintiff Khalil Ross, by and through his undersigned counsel of record, and files this Complaint for Damages against Defendant Osmose Utilities Services, Inc., showing the Court as follows:

**JURISDICTION AND VENUE**

1.

Plaintiff brings this action under Title I of the Americans With Disabilities Act, as amended 42 U.S.C. § 12111 et seq. (hereinafter, "ADA") for disability discrimination, the Family and Medical Leave Act, 29 U.S.C. § 2601, et seq. (hereinafter, "FMLA") for interfering with Plaintiff's federal rights under the FMLA, 42 U.S.C. § 1981a, and to recover reasonable

1

attorneys' fees and costs as allowed under the aforementioned federal statutes.

2.

Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. §§1331, 1343 on the grounds that this action arises under the ADA and the FMLA.

3.

Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in the State of Georgia and Defendant resides within the Northern District of Georgia.

## **PARTIES**

4.

Plaintiff Khalil Ross ("Plaintiff" or "Ross") is an individual residing in the State of Georgia.

5.

Plaintiff is subject to the jurisdiction and venue of this Court.

6.

Defendant is an employer, is a foreign for-profit corporation registered to do business with the Georgia Secretary of State, and may be served with Summons and Complaint in this action through its registered agent Corporation Service Company at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

7.

At all times relevant to this action, Plaintiff was an employee of Defendant.

8.

Defendant is a foreign Delaware corporation, and is licensed to do business in the State of Georgia.

9.

Defendant has employed fifteen or more employees for each working day in at least twenty weeks during each and every calendar year that is relevant to this action.

10.

Plaintiff has obtained a right to sue letter from the Equal Employment Opportunity Commission. See Exhibit A.

11.

Defendant has engaged in commerce or activity affecting commerce employing 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.

12.

At the relevant time of taking medical leave, Plaintiff had worked for Defendant for at least 12 months, had at least 1,250 hours of service for Defendant during the immediate preceding 12 month period, and worked at a location where Defendant had at least 50 employees within 75 miles.

## FACTUAL BACKGROUND

13.

Plaintiff hereby incorporates all previous Paragraphs as if fully restated herein.

14.

Defendant is a for-profit Delaware corporation operating a utility infrastructure support company in Peachtree City, Georgia.

15.

On or around July 2020, Plaintiff was employed by Defendant as a Crewmember.

16.

On or around September 21, 2021, Plaintiff contracted COVID-19 and advised his supervisor Mr. Garret Aul of his need to quarantine and take leave time off from work to get medical treatment.

17.

Plaintiff's COVID-19 was a severe case which required a visit to a medical facility. As a result of Plaintiff's COVID-19 condition, Plaintiff suffered from muscle pains, shortness of breath, and cold chills, substantially limiting his major life activities, such as running and lifting heavy objects. Plaintiff suffers from long haul COVID-19, and is currently still experiencing symptoms which include difficulty concentrating, loss of smell, loss of taste, headaches, fatigue, visual impairment, anxiety, trouble sleeping, depression, sore throat, myalgia, functional impairment, arthralgia, and abdominal pains. Plaintiff is receiving continuing treatment by his doctor as a result of these symptoms.

18.

Prior to Plaintiff arriving at the medical facility, Defendant invalidated Plaintiff's health insurance.

19.

Plaintiff subsequently contacted Defendant's human resources department to inform them he discovered his insurance was invalidated.

20.

On or around October 11, 2021, Plaintiff's foreman Orlande Iglesias told Plaintiff he was fired.

## COUNT I
## DISABILITY DISCRIMINATION IN VIOLATION OF TITLE I OF THE AMERICANS WITH DISABILITIES ACT

21.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

22.

Defendant is an employer and a utility infrastructure support company.

23.

Defendant has employed fifteen or more employees for each working day in at least twenty weeks during each and every calendar year that is relevant to this action.

24.

Plaintiff was employed by Defendant at all times material hereto.

25.

Plaintiff suffers from a disability or serious health condition or both. Plaintiff suffers from COVID-19 and long haul COVID which specifically limits his daily life activities due to difficulty concentrating, loss of smell, loss of taste, headaches, fatigue, visual impairment, anxiety, trouble sleeping, depression, sore throat, myalgia, functional impairment, arthralgia, and abdominal pains. Specifically, Plaintiff is unable to run, and lift heavy objects.

26.

Defendant was aware Plaintiff suffers from COVID-19.

27.

Defendant and its agent Orlande Iglesias discriminated against Plaintiff while he was employed by, among other things, failing to provide reasonable accommodation of time off to obtain medical treatment without adverse employment action; treating Plaintiff less favorably than non-disabled employees, depriving Plaintiff of economic opportunities, and terminating Plaintiff's employment on account of Plaintiff's disability.

28.

The effect of Defendant and its agent Orlande Iglesias's conduct was to deprive Plaintiff of economic opportunities and otherwise adversely affected Plaintiff's status as an employee because of his disability.

29.

By the above acts and practices, Defendant and its agents have discriminated against Plaintiff on the basis of his disability in violation of Title I of the Americans With Disabilities Act by condoning, encouraging, and/or participating in the discrimination and showing deliberate indifference to the disability discrimination to which Plaintiff was subjected to.

30.

As a direct and proximate result of the conduct and acts of Defendant and its agents in violation of Title I of the Americans With Disabilities Act, Plaintiff has suffered injuries for which he is entitled to monetary damages, injunctive relief, and reasonable attorney's fees.

## COUNT II
## FMLA INTERFERENCE - VIOLATION
## OF THE FAMILY MEDICAL LEAVE ACT

31.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

32.

Defendant is an employer and a utility infrastructure support company.

33.

Defendant has engaged in commerce or activity affecting commerce employing 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.

34.

Plaintiff was employed by Defendant at all times material hereto.  At the relevant time of taking medical leave, Plaintiff had worked for Defendant for at least 12 months, had at least 1,250 hours of service for Defendant during the immediate preceding 12 month period, and worked at a location where Defendant had at least 50 employees within 75 miles.

35.

Plaintiff suffers from a disability or serious health condition or both. Plaintiff suffers from COVID-19 and long haul COVID which specifically limits his daily life activities like running or picking up heavy objects. Plaintiff continues to see his health care provider for treatment due to long haul symptoms including difficulty concentrating, loss of smell, loss of taste,

headaches, fatigue, visual impairment, anxiety, trouble sleeping, depression, sore throat, myalgia, functional impairment, arthralgia, and abdominal pains.

36.

On or around September 21, 2021, Plaintiff advised his supervisor Mr. Garret Aul of his need to quarantine and take leave from work to get medical treatment.

37.

Plaintiff could not foresee contracting COVID-19 such that it would give him an opportunity to provide prior notice to Defendant of his necessity for leave before this.

38.

Prior to Plaintiff arriving at the medical facility, Defendant invalidated Plaintiff's health insurance.

39.

Plaintiff contacted Defendant's human resources department to inform them he discovered his insurance was invalidated.

40.

On or about October 11, 2021, Plaintiff's foreman Orlande Iglesias told Plaintiff he was fired.

41.

By the above acts and practices, Defendant and its agents have interfered with Plaintiff's rights provided under FMLA in violation of 29 U.S.C. § 2615(a) by condoning, encouraging, and/or participating in the violation and showing deliberate indifference to the violation of Plaintiff's statutory rights to which Plaintiff was subjected to.

42.

As a direct and proximate result of the conduct and acts of Defendant and its agents in violation of the Family Medical Leave Act of 1993, Plaintiff has suffered injuries for which he is entitled to monetary damages, injunctive relief, and reasonable attorney's fees.

## COUNT III
## RETALIATION

43.

Plaintiff hereby incorporates all previous Paragraphs as if fully restated herein.

44.

By the above acts and practices, including the acts of Mr. Orlande Iglesias terminating Plaintiff or Defendant invalidating Plaintiff's insurance or both, shortly in response to Plaintiff's request for reasonable accommodation for his disability or request for medical leave or both,

11

Defendant and their agents have retaliated against Plaintiff for asserting his rights under Title I of the Americans With Disabilities Act and the Family Medical Leave Act of 1993 by condoning, encouraging and/or participating in the retribution.

45.

As a direct and proximate result of the conduct and acts of Defendant and their agent in violation of Title I of the Americans With Disabilities Act and the Family Medical Leave Act, Plaintiff has suffered and will continue to suffer irreparable injury, damage to her career and reputation, monetary and/or economic harm, for which he is entitled to an award of monetary damages and other equitable and/or injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for:

1) General damages for mental and emotional suffering caused by Defendant's misconduct;

2) Punitive damages based on Defendant's willful, malicious, intentional, reckless, and deliberate acts, including Defendant's ratification, condonation, and approval of said acts of its agents;

3) Reimbursement, special damages and/or liquidated damages for lost fringe benefits, and post judgment interest thereon as permitted by law;

4) Reasonable attorneys' fees and expenses of litigation pursuant to 42 U.S.C. § 12205; 29 U.S.C. § 2617

5) Trial by jury as to all issues;

6) Prejudgment interest at the rate allowed by law;

7) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

8) Compensatory damages;

9) All other relief to which Plaintiff may be entitled.

Respectfully submitted this 24th day of October 2022.

/s/ David G. Cheng
David G. Cheng
Georgia Bar No. 762468
*(Pro Hac Vice Admission Pending)*
CHENG LAW, INC.
260 Peachtree Street, Suite 2200
Atlanta, Georgia 30303
Telephone: 334-451-4346
Email: david@considerdavidcheng.com

*Attorney for Plaintiff*

## **CERTIFICATE OF COMPLIANCE**

The undersigned counsel hereby certifies that Plaintiff's Complaint for Damages complies with the type-volume limitations set forth in Rule 5.1 of the Local Rules of the Southern District of Georgia. Counsel hereby states that Plaintiff's Complaint for Damages has been typed in Times New Roman 14 point.

This 24th day of October, 2022.

    /s/ David G. Cheng
David G. Cheng
Georgia Bar No. 762468